**YING QI LIU, Petitioner,**

v.

**Michael MUKASEY, Attorney General, Respondent.**

**No. 02–74199.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2008.

Filed March 19, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Richard T. Griffin, Esq., Arcadia, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON and WARDLAW, Circuit Judges, and LEIGHTON,* District Judge.

## MEMORANDUM **

Ying Qi Liu, a Chinese citizen and practitioner of Falun Gong, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA affirms without an opinion, the IJ's decision becomes the final agency action for the purposes of review. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir.2003). We grant the petition and remand.

The IJ denied relief solely based on an adverse credibility determination, finding discrepancies between Liu's testimony and her asylum application, internal inconsistencies in her testimony, non-responsive answers, and a lack of corroborating evi-

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

dence. We review an IJ's adverse credibility determination for substantial evidence and reverse only if the evidence compels a contrary conclusion. *See I.N.S. v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006). Although this standard is deferential, the IJ must identify specific, cogent reasons for an adverse credibility finding, and the reasons must be substantial and legitimately connected to the findings. *Singh,* 439 F.3d at 1105 (internal quotes and citations omitted). Finally, an IJ may not base these determinations on speculation or conjecture unsupported by evidence in the record. *Singh,* 439 F.3d at 1105.

Minor inconsistencies or factual omissions that do not "go to the heart" of the asylum claim are insufficient to support an IJ's adverse credibility determination. *Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004).[1] An inconsistency goes to the heart of a claim when it concerns events central to a petitioner's version of why she was persecuted and fled the country. *Singh,* 439 F.3d at 1108. Moreover, a determination of non-responsiveness must be supported by the identification of particular instances in the record where the petitioner refused to answer questions asked of her. *See Singh v. Ashcroft,* 301 F.3d 1109, 1114 (9th Cir.2002).

▮ After evaluating each ground cited by the IJ, we hold that substantial evidence did not support the IJ's conclusion. The IJ pointed to specific inconsistencies and omissions in Petitioner's testimony, but these anomalies did not go to the heart of her claim. For example, the IJ appeared to give significant weight to Petitioner's testimony that she began practic-

ing Falun Gong in 1997, as opposed to the 1998 date set forth in her asylum application. Petitioner explained that she was merely "observing" Falun Gong in 1997 and did not begin "practicing" until 1998. Although she remained consistent on this point during cross examination, the IJ did not find her persuasive. Even beyond her plausible explanation for the difference, discrepancies in dates that reveal nothing about an asylum applicant's fear for her safety will not support an adverse credibility finding. *Wang v. Ashcroft,* 341 F.3d 1015, 1022 (9th Cir.2003). Petitioner claimed her persecution began in August 1999, one month after the Chinese government declared the practice of Falun Gong illegal. Whether she began "practicing" or "observing" Falun Gong in 1997 or 1998 is irrelevant to the heart of her claim that later in 1999 she was persecuted and feared for her safety. Where, as here, the IJ does not specifically explain the significance of the discrepancy or point to an obvious evasiveness when Petitioner is asked about it, we cannot uphold an adverse credibility finding. *See Shah v. I.N.S.,* 220 F.3d 1062, 1068 (9th Cir.2000).

The IJ also drew attention to other apparent inconsistencies in Petitioner's story: Petitioner used two different names to describe the "reeducation" classes she was required to attend; she said on one occasion that she arrived in Beijing by plane while at all other times she said she took the train; she claimed to arrive on October 13 but also said she arrived on October 11; the IJ also questioned Petitioner's testimony that the beatings she sustained left her "unconscious" as opposed to merely "dizzy." While these discrepancies do not go to the heart of Petitioner's asylum claim, it

---

1. The passage of the REAL ID Act changed our standard of review of an IJ's adverse credibility finding. However, the relevant provisions of the Act are not applicable to this

case because the Act only applies to claims filed after May 11, 2005. *See* Pub.L. 109–13, Div. B, Title I, § 101(h)(2), 119 Stat. 231 (May 11, 2005).

is important to note that significant translation and communication issues throughout the record cast further doubt on the IJ's findings.[2] Regardless of the translation problems, these discrepancies cannot be viewed as attempts by Petitioner to enhance her claim of persecution and therefore cannot support an adverse credibility determination. *See Shah,* 220 F.3d at 1068.

The IJ also based his adverse credibility finding on factual omissions in Petitioner's application. Petitioner did not mention, in her one-page affidavit, specific details with respect to her detention in Beijing that were raised in her testimony. She also never mentioned that she appealed her job suspension in Chengdu prior to appealing in Beijing. The IJ found this latter omission "significant," but did not explain why. In any event, "[i]t is well settled that an applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application." *Lopez–Reyes v. I.N.S.,* 79 F.3d 908, 911 (9th Cir.1996) (citing *Aguilera–Cota v. I.N.S.,* 914 F.2d 1375, 1382 (9th Cir.1990)). The IJ also pointed to instances of non-responsiveness, but these too were not supported by the record and therefore cannot provide the basis for an adverse credibility determination. *See Bandari v. I.N.S.,* 227 F.3d 1160, 1166 (9th Cir.2000).

■■■ Finally, despite the government's contention to the contrary, we have jurisdiction to consider whether the IJ erred in not considering Petitioner's testimony as evidence to authenticate her corroborating

document. Petitioner raised this question on appeal to the BIA, and it was therefore exhausted. *See* 8 U.S.C. § 1252(d). However, we need not reach the issue of whether the IJ erred because corroborating evidence "is required only when the applicant's testimony alone is insufficient to support the claim." *Singh,* 439 F.3d at 1109 (citing to *Salaam v. I.N.S.,* 229 F.3d 1234, 1239 (9th Cir.2000)). Where, as here, the IJ's credibility determination rests on insufficient and impermissible grounds, the petitioner is deemed credible and corroborating evidence is no longer required.[3] *See id.*

Where a court of appeals holds that an IJ's adverse credibility finding is not supported by substantial evidence, it must remand the matter to the agency for a determination of factual questions that may be dispositive of the petition. *See I.N.S. v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) (noting that a court of appeals should remand "a case to an agency for decision of a matter that statutes place primarily in agency hands"). Accordingly, we grant the petition for review and remand this case to the BIA for a determination of whether Petitioner's credible testimony supports a claim for asylum, withholding of removal, and protection under the CAT. *Id.*

**PETITION FOR REVIEW GRANTED AND REMANDED**

---

**2.** Because the IJ's findings were not supported by substantial evidence, we need not rule whether the interpreter problems amounted to incompetent translation. *See Singh,* 367 F.3d at 1144 ("In the case of an incompetent translation claim, the standard [for remand] is whether 'a better translation would have made a difference in the outcome

of the hearing.'") (quoting *Perez–Lastor v. I.N.S.,* 208 F.3d 773, 780 (9th Cir.2000)).

**3.** We recently held that an IJ must consider a petitioner's testimony as evidence that is relevant to the issue of the document's authenticity. *Vatyan v. Mukasey,* 508 F.3d 1179, 1185 (9th Cir.2007).